■ COUNTY OF ROCKLAND, Respondent, v ROCKLAND COUNTY UNIT OF THE ROCKLAND COUNTY LOCAL OF THE CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Appellant. (And a Similar Action.)—In two proceedings to stay arbitration, the appeals are from two judgments (one in each proceeding) of the Supreme Court, both dated March 7, 1979 and entered in Rockland County, which, *inter alia,* granted the applications. Judgments reversed, on the law, without costs or disbursements, applications denied, and the parties are directed to proceed to arbitration forthwith. Petitioner and appellant entered into a collective bargaining agreement which provided: "An employee temporarily required or assigned to work in a position allocated to a higher salary grade, shall after four weeks be paid the minimum salary authorized for such position or one increment above said employee's present salary, whichever is greater. Provided however that it is agreed and understood that such payment shall not constitute a grievance requiring the filling of such position." On behalf of seven employees of the Department of Motor Vehicles, appellant demanded arbitration pursuant to the agreement on the ground that the employees were working out of title and were entitled to compensation therefor. The county petitioned for stays alleging that the appellant was in fact seeking a retroactive reclassification which was not the proper subject of a grievance and that subdivision 2 of section 61 of the Civil Service Law prohibited out-of-title work and reimbursement therefor. The petitions further alleged, upon information and belief, that there was no existing established position against which an employee grievant was assigned. Appellant's answers categorically denied not only intent or desire to force reclassification, but also that the language of the agreement required the existence of an established position for the paragraph under which arbitration was sought to be operative. The answers further alleged in detail the manner in which out-of-title work was performed by the grievants. Special Term found as a matter of law that the dispute may not be submitted to arbitration because of appellant's failure to demonstrate a legally permissible exception to the statutory proscription (cf. Civil Service Law, § 61, subd 2). Implicit therein and from the cases cited by Special Term (see *Matter of Niagara Wheatfield Administrators Assn. [Niagara Wheatfield Cent. School Dist.],* 44 NY2d 68; *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],* 42 NY2d 509) is a finding that payment for prohibited out-of-title work violates public policy and hence is not arbitrable. On these appeals, appellant argues that payment for out-of-title work is not prohibited and is in fact specifically permitted by statute (Civil Service Law, § 100, subd 1, par [d]). This statute

was added (L 1978, ch 255) to provide for a method of payment for out-of-title work such as grievants allege they performed, and reads, in part: "Nothing contained in this section shall be construed to prevent the award of a money remedy for the violation of a provision of a collective bargaining agreement prohibiting the assignment of employees to duties substantially different from those appropriate to the title to which the employees are certified." The stated purpose of this amendment is "To permit an arbitrator to award money damages if he finds that an employee has been assigned to out-of-title work." (Memorandum of State Executive Department, McKinney's Session Laws of NY, 1978, p 1712.) On the facts in this record we hold that section 100 (subd 1, par [d]) of the Civil Service Law is controlling. Nor do we perceive on the facts here any violation of the merit advancement provisions of section 6 of article V of the New York Constitution and section 61 of the Civil Service Law in view of appellant's explicit disclaimer of any desire or design to effect reclassification or title to the positions, the duties of which were temporarily performed by the grievants. Furthermore, in our view, the pleadings here frame an issue which the collective bargaining agreement between the parties intended for determination by the arbitrator, i.e., the existence of positions to which grievants were assigned to perform out-of-title work. Hopkins, J. P., Damiani and Rabin, JJ., concur.

O'Connor, J., dissents and votes to affirm the judgments, with the following memorandum: I would affirm the judgments appealed from and continue the stays of arbitration. The employees on whose behalf arbitration is sought want to be compensated for what they allege to be their long-term performance of out-of-title work. To fashion a remedy the arbitrator would be forced to grant an award which would contravene public policy (see *Matter of Niagara Wheatfield Administrators Assn. [Niagara Wheatfield Cent. School Dist.]*, 44 NY2d 68, 73; *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.]*, 42 NY2d 509). Accordingly, because the ·matter in issue exceeds the permissible scope of arbitration, I respectfully dissent. Civil service appointments and promotions in this State are to be made on the basis of merit and fitness, to be determined by competitive examination (New York Const, art V, § 6). Absent a temporary emergency situation, out-of-title work is expressly prohibited (Civil Service Law, § 61, subd 2). It is noted that appellant does not present any viable claim that the employees involved in these proceedings fit within the statutory standard of a temporary emergency situation (see Civil Service Law, § 64). In light of the clear mandate against compensation for out-of-title work, it was proper to stay the requested arbitrations. The disavowal of any desire for a reclassification by the employees is irrelevant to the analysis of this matter, because they are not entitled to increased compensation even absent a claim for reclassification. To allow payment for the prolonged performance of out-of-title work would be to accomplish *de facto* that which could concededly not be done *de jure*. I believe that any reliance upon section 100 (subd 1, par [d]) of the Civil Service Law is misplaced for two distinct reasons. First, by its very terms, it applies only to a situation where there is an express provision in a collective bargaining agreement prohibiting the assignment of employees to duties substantially different from those appropriate to the title to which the employees are certified. No such provision exists in the contract at issue. Second, the provision would appear to contemplate a situation where an employee is forced by his employer to perform out-of-title work against his will. In this matter, the contract, in complete disregard of the public policy of this State, expressly anticipated and provided for additional compensation

814

for out-of-title work. This disregard for the proper operation of the civil service system should be neither approved nor condoned. Section 100 (subd 1, par [d]) of the Civil Service Law is therefore inapposite to the demands for arbitration presented herein.